Judy SMITH, Plaintiff,

v.

Margaret M. HECKLER,[1] Secretary, Department of Health and Human Services, Defendant.

No. Civ.–82–379E.

United States District Court, W.D. New York.

June 6, 1985.

Thomas W. Rickert, Buffalo, N.Y., for plaintiff.

C. Donald O'Connor, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff's action for surviving child disability benefits under the Social Security Act, 42 U.S.C. § 402(d), was remanded to the Secretary of Health and Human Services for further proceedings by this Court's

---

**1.** Substituted for the original defendant pursuant to Fed.R.Civ.P. rule 25(d).

Order filed March 26, 1984 and the claimant was subsequently awarded benefits. Plaintiff's attorney now moves for an award of attorney's fees for work performed before this Court on plaintiff's behalf.

Plaintiff's attorney initially sought a fee of $3,390 at an hourly rate of $60 for 56½ hours spent representing plaintiff before this Court. He indicated that he had also petitioned the Secretary for a fee of $4,629 based on 77¼ hours of work at the administrative level charged at $60 per hour. Petitioner has stated that he has no agreement with claimant regarding the size of the attorney's fee in this matter. The Secretary has indicated that $5,002.40—representing twenty-five per cent of the award of past-due benefits in this case—have been withheld for attorney's fees.

Pursuant to 42 U.S.C. § 406(b)(1) this Court may in its discretion award a reasonable fee for plaintiff's representation in this matter, said fee not to exceed twenty-five per cent of the award of past-due benefits. The Court has serious reservations about the hourly totals submitted by the attorney.[2] However, and after consultation with the Assistant United States Attorney, petitioner has amended his request and now seeks $2,000 for work done before this Court on plaintiff's behalf.

Accordingly, plaintiff's attorney's motion for fees in the amount of $2,000 for work before this Court on the above-captioned case is hereby ORDERED granted.

2. It is assumed that the attorney devoted the time shown for the respective steps in the litigation. Not to do so would necessitate an investigation such as should not lightly be undertaken. What thus appears is that the attorney was "learning on the job" and, while a certain amount of this must be expected throughout a lawyer's career if he or she is to grow in legal capabilities—and it probably is unavoidable that some quantum of such will be at clients' expense—, the instant situation shows a gross overexpenditure of time. 11½ hours to compose a simple and straightforward complaint, 31 hours to research and structure a memorandum in support of a motion for summary judgment and 5 hours to prepare a reply memorandum, by the attorney who had handled the administrative hearings is too bulky a menu for this Court to ingest. When one must study and learn in order to render services, the fees must be diminished accordingly. Even $2,000 is a very generous award for the work done in court on this case.